We'll hear the next case, Schwartz v. HSBC Bank. May it please the Court, my name is Brian Bromberg and I represent the Plaintiff Appellant Bruce Schwartz and this appeal against HSBC Bank USA, N.A. If I might, I would like to reserve three minutes for rebuttal. Yes. Your Honors, the violation alleged in this case pertains to HSBC's failure to place on the front of Mr. Schwartz's periodic credit card statements in close proximity to the due date. Did your client actually lose any money as a result of this? No, he didn't, Your Honor. Does that matter? No, it doesn't, Your Honor, because the key here is whether there's a concrete injury. Well, first of all, you have to satisfy Article III standing. There has to be an injury in fact, a causal connection between that injury and the complaint of conduct, and a likelihood that the injury will be redressed by a favorable decision. Now, this Court in the Struble case, which was Judge Radji's opinion, held that where Congress confers a procedural right in order to protect a concrete interest, a violation of the procedure may demonstrate a sufficient risk of real harm to the underlying interest to establish concrete injury without the need to allege any additional, and additional is in italics in the Struble opinion, any additional harm beyond the one Congress has identified. Let me ask you about the risk of injury, though, here as compared to Struble. As I understand it, there's no question that your client got the original notice, right? The original notice when he first signed up for the credit card? Yes, the account opening notice. So this is a requirement that each statement has to have the same notice provided in it, right? In a conspicuous place next to the due date on the front page. Nevertheless, the point is that each notice has to have it. But when you've been given the notice, the risk of injury isn't obvious here as in Struble, unless you're telling me that, you know, about day 15 or day 20, your client forgets what he's already been told. So I'm not sure that a requirement that a notice be repeated without a further allegation presents us with the same apparent risk of injury as the total failure that was noted in Struble. Help me out with why that shouldn't be how we look at it. Well, Your Honor, first of all, the notices were in the initial account opening disclosures. The initial account opening disclosures can come years before. I'm not disputing this, but it suggests to me that your client having been given a notice, that he might have to plead something more to establish particularized injury than someone who's claiming that, well, there was a notice requirement and I didn't get it at all. That presents a risk that he or she won't do whatever the notice tells him has to be done. But where you've gotten the notice, that's not as apparent to me. Your Honor, people don't necessarily know that there's going to be a penalty imposed and a penalty APR and what that penalty APR is for that particular month. For all that Mr. Schwartz might have known, the penalty APR was not being imposed that month and he could miss that payment without a penalty APR being imposed. Well, the problem is that the district court dismissed this for failure to plead injury. And I've looked at paragraphs 24, 43, and 46 of the complaint, which appear to be the injury pleadings. The first two are conclusory and they're based on the class. The third, which is particular to your client, is even more conclusory. So I'm trying to figure out what you allege that's particularized injury here, given that your client acknowledges he got notice initially. Well, Your Honor, my client was required. We allege that there was a requirement to give this periodic statement notice. And we allege that there was a failure to give that periodic statement notice. And the periodic statement notice is attached as an exhibit to the complaint without the information. So we've alleged this core requirement of giving notice and we've alleged the absence of this core requirement to give notice. But in a circumstance where you acknowledge that you got it initially? Yes, but Your Honor, the initial notice came no later than 2013. We're alleging violations that started, you know, the violations that we're suing over came in 2014. The initial notice, as Judge Sotomayor. Doesn't there have to be a pleading that your client no longer remembered or something to suggest that he's injured? Well, Your Honor, Congress held, Congress added this requirement in the CARD Act, which was passed about 10 years ago. Congress knew that these penalty APRs were being imposed without any additional notice. So Congress added this requirement. I'm not disputing that there is the requirement. I'm only disputing, asking you how we can tell that your client suffered an injury in fact. Well, the injury in fact is the risk that he's going to be, have this imposed. There's no way for him to know that there's even a penalty APR. Is there a risk of real harm from this procedural violation when a year earlier he had been given the warning? Well, at least a year earlier. Yes, there is, Your Honor. First of all, people don't necessarily know that there's even a penalty APR for that particular month. I mean, does it make sense that it would vary from month to month? Oh, absolutely. There are amendments constantly made to credit card agreements over the course of time. I had a case here, it was about 15 years ago, Miller v. Wolpoff. Judge Sotomayor noted that the initial account opening terms and conditions frequently go into the circular file. Those were exact words. People don't necessarily keep those initial notices and need to be reminded, and that's the harm that Congress specifically had in mind by requiring that that be put in. And the fact that they amended 10 years ago to add that to the Card Act is specifically telling the fact that it had to be right next to the due date, and that the amount of the penalty APR had to be right next to the due date. And then the requirements within the Reg Z implementing regulations on this said it has to be on the front page, conspicuous location, conspicuous place, conspicuous notice. People have to be given that warning. What would your argument be if he had received a year's full of monthly statements correctly satisfying the requirement, and then the 13th notice, the 13th statement didn't provide the notice? Would you have a claim that you'd suffered injury? Injury in fact? Yes, Your Honor. Even though he had now received more than a dozen or a dozen notices? Penalty APRs have been eliminated by a lot of credit card companies. They don't necessarily impose them anymore. He could very well go, you know what, there's no penalty APR this month. I can skip a payment this month and not suffer adverse consequences. Maybe I'll borrow more from this credit card. If he misses that due date, though, the effect here is radical. And for sure he would then have injury in fact if he did that. My question to you is what is the basis for finding a risk of injury here? The fact that it's not on there. The fact that when it comes to sitting there with a pile of periodic statements from different credit cards, you don't know which credit card you're going to go with. And furthermore, if he misses that due date, and it has to be right next to the due date, in a conspicuous location and on the front page, if he misses that due date, the 27.24% interest kicks in rather than the 12.99% interest that he's got. So he's actually being misled into believing that he can miss that particular periodic payment without any adverse consequences with respect to the penalty APR. In fact, there's not even a notation on the front page that there's going to be a penalty APR in the event he misses that deadline. I see my time has run out. We'll hear from the other side, and then you can have your rebuttal. May it please the Court, Louis Smith appearing on behalf of Cross Appellant HSBC Bank USA, NA. Your Honor, I'd like to request two minutes for rebuttal time on the cross appeal that we filed, if I may. All right. Thank you, Your Honor. Your Honor asked about actual damages, and there are no actual damages that have been alleged in this case. And, in fact, there's been a series of amended complaints that have been filed in this action. And in the operative one, the second amended complaint, the plaintiff attached a declaration that HSBC had filed in connection with an earlier motion to dismiss, and that included the applicable card member agreement, and it also included information regarding the plaintiff's account. In certain circumstances, even without actual damages, a bare procedural violation may be enough, right? In certain circumstances. There are instances, but there still need to be facts alleged that demonstrate a concrete and particularized injury. Facts can be that this is the notice you're supposed to get. The notice would be pertinent to understanding your own obligations, such that if you don't understand them, you risk that you could be in violation or somehow in a worse situation. That's what Struble basically said was enough. So, in this instance, as Your Honor indicated in your questions to plaintiff's counsel, there was an initial disclosure which provided the information regarding the penalty APR. But on each statement that's in the record here, there is information addressing the penalty APR. The claim in this case— Are you in the position that your monthly statement conforms to the law? Our position is that, yes, in our cross-appeal, we're challenging the district court's ruling that a claim was stated in connection with a violation of TLA. It's stated on the front, right by the amount due. How can you claim that this satisfies that? Because that statutory provision must be read in the context of the agreement, which requires providing a notice before implementing the penalty APR. And in this case, we know from the information that's even attached to the complaint, there was no penalty APR that ever was implemented. We don't know that at this point. Are you representing to us that if this case were to go in discovery, that your client never seeks to collect on a debt before providing them with notice and an opportunity to pay? Within the context of this claim and this plaintiff, which we think this plaintiff has to be able to state a claim just as withstanding and case in controversy. Class claim.  He still needs to establish that he has satisfied a concrete and particularized injury that allows him to move forward. This is not injurious because you don't impose this APR until you provide notice and presumably an opportunity to pay the debt? Is that what you're representing to us, that that's how it works? Our argument is focused on this particular plaintiff's claim. I'm going to answer my question. Are you representing to us that your client does not impose the penalty until it gives the consumer an opportunity to, until it gives the consumer notice and an opportunity to pay the indebtedness? Your Honor, I'm not in a position to address that. And because you're not in a position, I don't think you can deny that there's a risk of injury of that sort. Your Honor, the risk of injury has to be demonstrated by this particular plaintiff. And this plaintiff has to show concrete and particularized injury. He was given an opportunity after Spokio was handed down to amend his complaint to specifically address standing. Did the district court engage in analysis of whether a bare procedural violation of this provision was sufficient? The district court determined that she did not need to reach the question of whether this presented a concrete injury because there was absolutely no factual. But doesn't that really miss the question? Isn't the question whether a bare procedural violation without more is enough to confer standing? Under Spokio and the subsequent case law from this court, there still needs to be well-pled allegations of an injury. There's the question of a violation, but you then have to . . . But in a situation when there's a, when a bare, there are situations when a bare procedural violation is enough. Well, it . . . Did the district court analyze whether the bare procedural violation of this section was enough without any additional allegations of injury? I think the district court correctly viewed it, that when you have a bare procedural violation, you are still required to allege facts showing that there was a concrete and particularized injury. I thought in Spokio the court basically said that it depended on what notice was not given. That some notices have an implicit risk. Others were found not to in Spokio. The court indicated in Spokio that the plaintiff must clearly allege facts demonstrating each element of standing. Right. And Struble dealt with any number of notice failures and explained why some implied a risk of injury and others did not. But the problem that the district court found correctly, we view, is that there was no linking of any congressional purpose, any reason behind the statute to this particular plaintiff. As Your Honor indicated in questioning plaintiff's counsel, they had an opportunity to amend. They did three cursory allegations, two of which related to the class. And the district court correctly, in our view, and certainly not an abuse of discretion, viewed that as failing to carry the burden to allege facts that demonstrate that this particular plaintiff suffered a concrete and particularized injury. There's no allegation that this plaintiff reviewed the statements. That this plaintiff made any adjustment of this plaintiff's position regarding credit. There's simply no allegations at all dealing with any impact, any effect, any consequence at all as to this plaintiff. And we believe that under Spokio and under all the case law from this court that's followed,  that's what the district court found and that's why the district court didn't need to reach that next level. On your cross appeal, can we reach it before we resolve the standing issue? I don't believe so, Your Honor. I think if you decide that the district court, if you affirm the district court's decision on standing, then that ends the cross appeal. If you reverse on standing, then I believe you can address our cross appeal. Out of curiosity, explain to me why your client doesn't just follow the language of the requirement. We could avoid so much litigation in all these cases if the predator just followed the language. Your Honor, again, we believe that the information was repeatedly disclosed in a number of locations and- You have a specific obligation. I mean, 1637B12B says that it has to be conspicuous notice together with the applicable penalty annual percentage rate, which is not included at all in your notice, in close proximity to the disclosure required under subparagraph A. That's the disclosure of the amount that is due and owing. Your Honor, I would also say that we're reviewing this on a motion to dismiss. There was very limited discovery that was taken in the case. I'm asking you why you don't comply with that rather than getting us into these discussions about whether on the back, without the annual percentage, satisfies the requirement. Your Honor, the allegations that the plaintiff has made is that there was a very limited period of time where there were certain statements that did not contain this disclosure. And it's not, you know, unfortunately, Your Honor, I'm sorry, that it's not in the record, the further information regarding that point. Let's hear plaintiff's rebuttal. Your Honors, there was more in the complaint. The three paragraphs that were referred to by the court, the second amended complaint, paragraph 24, 43, and 46, refer to, let's see, 24 was upon information and belief the consumers of the class suffered a concrete harm and the material risk of concrete harm because the bank's omissions or misstatements impinged on their awareness of the cost of credit. And then there's 43, which also refers to impinging on consumers' awareness of the cost of credit. In the class allegations, paragraph 23, we defined Mr. Schwartz as being within the class. We have the late payment warning class. The class consists of all persons who, since one year before the filing of the first amended complaint, were furnished a billing statement by the bank that failed to disclose that a late payment would subject balances on their account. Again, you allege he's a class member. Otherwise, you couldn't try to pursue a class action. But your allegations in paragraphs 24 and 43 are on information and belief, which does not pertain to him. I mean, you don't have to plead on information and belief as to him. He's either in that situation or he's not. That was my concern with the adequacy of that pleading. Your Honor, he is in that circumstance. He is one of the people subjected to the risk. Where is that alleged, that he has the lack of knowledge that you're saying on information and belief you think class members lack? Your Honor, all that's necessary under Struble is the recitation of this is my reading of Struble. You wrote it. All that's required is an allegation that there was a requirement to give the notice and an allegation that there was a failure to give the notice. And if that goes to a core provision of the Truth in Lending Act, then you've stated standing.  You've actually survived the standing prong. That's my reading of Struble. I may be wrong on that, but that's how I understand Struble and its interpretation of Spokio. We don't reach a more core issue under the Truth in Lending Act than what am I going to be paying? What is the cost of credit? What is going to happen to me if my finances go sideways and I can't make that month's payments? And I'm having problems and I've got to decide which of the various bills to pay. If I don't make this payment, going forward I'm going to be hit with twice the APR. I'm suddenly going to go from 12.99% to 27.24% from a market rate APR to something that's completely unbearable. And this is precisely what the Truth in Lending Act was aimed at. Now, we've alleged that there was an obligation to give this notice, and we've alleged that there was a failure to give this notice, and we even attached a copy of the inadequate notice, which, by the way, the defendants eventually did correct. But at the time that we amended the complaint, they had not yet corrected. We amended it dealing with some statements where it had not yet been corrected. They corrected it at a later date. My time is up, unless there are further. Thank you. On the Cross-Appeal, Your Honor, the claim is time-barred under TILA's one-year statute of limitations provision. There's no continuing violation under the TILA statute of limitations. The first violation that they allege that they're pointing to occurred more than a year before the filing of the original complaint, more than a year before the filing of the amended complaint. The district court relied on one decision from another district court that is against the clear weight of authority on the question. The district court recognized that its rationale was inconsistent with a case called Fultonland v. World Financial Network, which relied on a Seventh Circuit opinion called Goldman v. First National Bank, and both of those cases treated an omission, which is what is being alleged here, as triggering the statute of limitations as opposed to a situation where there's a false or misleading or inaccurate disclosure, which is not being alleged here. So consistent with the — and it's in our brief — the weight of the authority, the claim is time-barred. And, indeed, this is a claim that when the complaint was first filed wasn't even included. It was only in an amended complaint that it surfaced for the first time. I'm not sure I'm completely following you. I understood the district court to say that it was timely for nondisclosures within the 12-month period. And so I understood that each statement involves a separate violation, and that at least to the extent there's a statement without the notice within 12 months that they could sue, why don't you think that's true? That's not a continuing violation. That's a separate violation the way the plaintiff has alleged it. Well, the way it's viewed in the case law, and there's a lot of case law dealing with finance charges, so they are viewed as you look at the time of the first violation when it's first suable, and then it starts to run from there. We're talking about a notice requirement, and the plaintiff takes the position that each statement must have the notice. And so to the extent you didn't give the notice in a statement within 12 months, they've got a timely claim. Consistent with the rationale on the weight of the case law, you wouldn't treat a notice violation differently than you would a finance charge. You look at the time when it first occurred. If the same thing is happening over and over again, that is not extending out the statute of limitations. You have to be prompt with TILA claims. It's a one-year statute, and it accrues the first time it's suable. That's the Seventh Circuit's words, when it first becomes suable. And the fact that there may be subsequent events that happen later does not create a separate event that provides a basis to file a lawsuit. Thank you. Thank you very much. We'll reserve decision.